**UNITED STATES of America,**
**Plaintiff,**

v.

**Frank J. PROVINZANO, Defendant.**

**No. 70–CR–44.**

United States District Court,
E. D. Wisconsin.

May 3, 1971.

See also D.C., 50 F.R.D. 361.

David J. Cannon, U. S. Atty., by Richard E. Reilly, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

William M. Coffey, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant, Frank Provinzano, has moved to suppress certain statements he made under oath to an investigative agent of the internal revenue service on January 15, 1970. The defendant is charged in two counts of an indictment with having testified falsely during the aforesaid interrogation. An evidentiary hearing was held on February 12, 1971 and briefs were subsequently filed.

There are two principal issues before the court. The first is whether Mr. Provinzano was entitled to be advised of his right to counsel and his right against self-incrimination at the time of his interview. The second question is whether the omission of such warnings,

if required, can operate to bar this type of prosecution, i. e., for perjury.

In May, 1969, the internal revenue service published "Document 6034" relating to internal investigations. It expressly provided that when an employee was interviewed by an IRS inspector in a criminal case, he was to be advised that he had a right against self-incrimination and also the right to counsel. Such warnings were not given in the instant case. In my opinion, the statement was taken in violation of the agency's own rules and regulations. See Yellin v. United States, 374 U.S. 109, 83 S.Ct. 1828, 10 L.Ed.2d 778 (1963); Vitarelli v. Seaton, 359 U.S. 535, 79 S.Ct. 968, 3 L.Ed.2d 1012 (1959); Service v. Dulles, 354 U.S. 363, 77 S.Ct. 1152, 1 L. Ed.2d 1403 (1957); United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681 (1954).

Although the government argues that the interrogation of Mr. Provinzano was not taken "in a criminal case," my interpretation of the record contradicts this position. The conclusion is irresistible that the IRS investigators were tracking Mr. Provinzano with the intention of pressing criminal charges against him. After the sworn statement was taken by the IRS inspector, Mr. Weber, an approach was made with alacrity to the United States attorney. Under all the circumstances, it is clear that any statements made by Mr. Provinzano to Mr. Weber regarding past criminal conduct would have to be suppressed.

The second question presented by the defendant's motion must be decided adversely to him. Although the warnings were required under the IRS rules, the defendant is not insulated by such omission with regard to *future* criminality. Thus, the omission of the *Miranda*-type warnings did not entitle Mr. Provinzano to commit perjury, nor did such omission preclude the government from prosecuting him for such alleged misconduct.

The foregoing viewpoint was carefully expounded in the case of United States

v. Ponti, 257 F.Supp. 925, 926 (E.D.Pa. 1966), where Judge Lord said:

"There is no doubt that as a witness before the Grand Jury, defendant was enveloped with the protections of the Fifth Amendment. Counselman v. Hitchcock, 142 U.S. 547, 12 S.Ct. 195, 35 L.Ed. 1110 (1892). But the scope of that Amendment extends only to past acts, not to those that are or may be committed in the future. United States v. Kahriger, 345 U.S. 22, 32, 73 S.Ct. 510, 97 L.Ed. 754 (1952). In Glickstein v. United States, 222 U.S. 139, 32 S.Ct. 71, 56 L.Ed. 128 (1911), the Court said that ' * * * the immunity afforded by the constitutional guaranty relates to the past, and does not endow the person who testifies with a license to commit perjury.' See also Kronick v. United States, 343 F.2d 436, 441 (C.A.9, 1965); United States v. Orta, 253 F. 2d 312 (C.A.5, 1958), cert. denied, 357 U.S. 905, 78 S.Ct. 1149, 2 L.Ed.2d 1156 (1958); United States v. Kelley, 254 F.Supp. 9, 13 (S.D.N.Y., 1966). When Ponti appeared before the Grand Jury, he had not yet committed the crime for which he is now indicted. His ' * * * criminal liability concurred with the words he first uttered to the * * * Grand Jury.' United States v. Parker, 244 F.2d 943, 947 (C.A.7, 1957), cert. denied, 355 U.S. 836, 78 S.Ct. 61, 2 L.Ed.2d 48 (1957). It is perfectly obvious that this indictment is not based upon evidence of past acts obtained from the mouth of the defendant in violation of Fifth Amendment rights. Instead, it is based on a crime whose very commission, rather than evidence of commission, was the defendant's testimony. We hold that the failure to warn defendant of rights against self-incrimination furnishes no insulation to defendant against a charge of perjury. We are not alone in so holding.

"In United States v. Orta, 253 F.2d 312, at page 314 (C.A.5, 1958), cert. denied, 357 U.S. 905, 78 S.Ct. 1149 (1958), the court said:

'It is clear that the protection of the Fifth Amendment relates to crimes alleged to have been committed before the time when the testimony is sought. A witness, ignorant and uninformed of his constitutional rights, would not intelligently waive them if he testified, thinking that he was compelled to do so. He might answer truthfully and thereafter assert the constitutional guaranty. Under no circumstances, however, could he commit perjury and successfully claim that the Constitution afforded him protection from prosecution for that crime. * * * ' "

I conclude that Mr. Provinzano was entitled to *Miranda*-type warnings before he was interrogated by the IRS inspector. The latter's failure in this regard warrants the suppression of any statements relative to past criminality. However, the law is clear that there is no protection afforded as to future crimes, including the perjury charged against the defendant in this indictment. Although the cases which have discussed this problem arose in the context of grand jury hearings, their applicability to the case at bar is unavoidable. See United States v. DiGiovanni, 397 F.2d 409 (7th Cir. 1968), cert. denied 393 U. S. 924, 89 S.Ct. 256, 21 L.Ed.2d 260 (1968); United States v. Winter, 348 F.2d 204 (2d Cir. 1965), cert. denied 382 U.S. 955, 86 S.Ct. 429, 15 L.Ed.2d 360 (1965); and United States v. Parker, 244 F.2d 943 (7th Cir. 1957), cert. denied 355 U.S. 836, 78 S.Ct. 61, 2 L.Ed.2d 48 (1957).

Now, therefore, it is ordered that the defendant's motion to suppress be and hereby is denied.