UNITED STATES of America,
Plaintiff-Appellant,

v.

Frederick C. PRIOR, Defendant-Appellee.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Frederick C. PRIOR,
Defendant-Appellant.

Nos. 74–3457, 74–4097, 75–3207.

United States Court of Appeals,
Fifth Circuit.

May 31, 1977.

**382**

John L. Briggs, U. S. Atty., Jacksonville, Fla., Claude H. Tison, Jr., Asst. U. S. Atty., Tampa, Fla., for U. S.

Robert L. Floyd, Sherryll Martens Dunaj, James D. Little, Miami, Fla., for Prior.

Before BROWN, Chief Judge, GOD-BOLD, Circuit Judge, and MEHRTENS*, District Judge.

MEHRTENS, District Judge:

The defendant, Frederick C. Prior, petitions this Court for a rehearing, and a rehearing en banc, in the consolidated cases 74–3457, 74–4097 and 75–3207, decided by this Court in 546 F.2d 1254 (1977).

The defendant's conviction on five counts of false declaration before a grand jury (18 U.S.C. § 1623) and the District Court's denial of the motion for a new trial were affirmed. The order suppressing his grand jury testimony was reversed.

We deny the defendant's petition for rehearing.

The defendant claims that this case is not controlled by *United States v. Mandujano*, 425 U.S. 564, 96 S.Ct. 1768, 48 L.Ed.2d 212 (1976). Before *Mandujano* was decided, the thrust of the defendant's argument was that he had not been advised of his Constitutional rights in accordance with *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), while testifying before the grand jury. That issue was decided against the defendant by the Supreme Court in *Mandujano*, and we so stated in our decision.

The defendant now shifts his emphasis to assert that he was entitled to an explicit warning of his Fifth Amendment privilege against self-incrimination when he was before the grand jury.

It is true, as defendant argues, that in *Mandujano* the Supreme Court, in footnote 7, pointed out that because the defendant in that case had been advised of his Fifth Amendment privilege, it was unnecessary to consider whether any warning was required. It also noted that in addition to the warning implicit in the oath, federal prosecutors apparently make it a practice to inform a witness of the privilege.

* Senior District Judge of the Southern District of Florida sitting by designation.

It is significant to note that the Supreme Court in *Mandujano, supra,* expressly pointed out that:

"Similarly, a witness subpoenaed to testify before a petit jury and placed under oath has never been entitled to a warning that, if he violates the solemn oath to 'tell the truth,' he may be subject to a prosecution for perjury, for the oath itself is the warning. Nor has any case been cited to us holding that the absence of such warnings before a petit jury provides a shield against use of false testimony in a subsequent prosecution for perjury or in contempt proceedings.

"In any event, a witness sworn to tell the truth before a duly constituted grand jury will not be heard to call for suppression of false statements made to that jury, any more than would be the case with false testimony before a petit jury or other duly constituted tribunal."

\*      \*      \*      \*      \*      \*

"The fact that here the grand jury interrogation had focused on some of respondent's specific activities does not require that these important principles be jettisoned; nothing remotely akin to 'entrapment' or abuse of process is suggested by what occurred here. Cf. *Brown v. United States,* 245 F.2d 549 (CA8 1957)."

\*      \*      \*      \*      \*      \*

" 'Once a witness swears to give truthful answers, *there is no requirement to "warn him not to commit perjury or, conversely to direct him to tell the truth."* It would render the sanctity of the oath quite meaningless to require admonition to adhere to it.' *United States v. Winter,* 348 F.2d 204, 210 (CA2 1965). (Emphasis added.)" (*Id.,* 425 U.S. at 581, 582, 96 S.Ct. at 1779)

The defendant's contention that the failure to apprise him of his Fifth Amendment privilege against self-incrimination made his perjurious testimony illegally obtained evidence has been decided adversely to him by this Court and also other courts. Thus, in *United States v. Orta,* 253 F.2d 312 (CA5 1958), *cert. denied,* 357 U.S. 905, 78 S.Ct. 1149, 2 L.Ed.2d 1156 (1958), this Court held:

"It is clear that the protection of the Fifth Amendment relates to crimes alleged to have been committed before the time when the testimony is sought. A witness, ignorant and uninformed of his constitutional rights, would not intelligently waive them if he testified, thinking that he was compelled to do so. He might answer truthfully and thereafter assert the constitutional guaranty. Under no circumstances, however, could he commit perjury and successfully claim that the Constitution afforded him protection from prosecution for that crime. As said in *Glickstein v. United States,* 1911, 222 U.S. 139, 142, 32 S.Ct. 71, 73, 56 L.Ed. 128; '\* \* \* the immunity afforded by the constitutional guaranty relates to the past, and does not endow the person who testifies with a license to commit perjury.' "

\*      \*      \*      \*      \*      \*

"An almost identical factual situation was faced by the Seventh Circuit in *United States v. Parker,* 1957, 244 F.2d 943, and in an able opinion by Judge Finnegan it was held that the failure to apprise the witness of his privilege against self-incrimination did not make his perjurious testimony illegally obtained evidence. The views there expressed, with which we are in full agreement, make further discussion in this case unnecessary.

"Perjury is one of the most elemental of all crimes. Every sane person from the beginning of time has recognized its moral iniquity. No one can fail to know that any civilized system of laws must denounce perjury because it pollutes the very fountainhead of justice."

To the same effect see *United States v. Winter,* 348 F.2d 204 (CA2 1965).

It also appears that the defendant himself is an experienced attorney. Hence, the force of his claim of injury by not being explicitly advised of his right against self-incrimination becomes less firm, especially when coupled with the warning given by the United States Attorney at the begin-

ning of the defendant's second appearance before the Grand Jury:

> "Q. Prior to asking you any questions, Mr. Prior, I might say that we have reviewed some of the testimony that you have previously given . . . . *There is some concern concerning some of the testimony* and for that reason, in addition to the extra questions that we will be asking on other matters today, we are going to rephrase some of the questions that we asked previously on the chance that we may have been unclear on those questions. Do you understand, sir?
>
> A. I guess I do."
>
> (R. 32/4)

Also before his June 3rd appearance, Prior discussed his situation with numerous other persons, including his two law partners, one of whom offered to accompany him on his second appearance, if he desired. He declined the offer.

These factors vitiate the defendant's contentions of lack of opportunity to consult counsel and to be cautioned against self-incrimination.

■ *Mandujano, supra,* clearly indicates that the shield provided by *Miranda* on the Fifth Amendment "is not to be perverted to a license to testify inconsistently, or even perjuriously, free from the risk of confrontation with prior inconsistent utterances." *Oregon v. Hass,* 420 U.S. 714, 722, 95 S.Ct. 1215, 1221, 43 L.Ed.2d 570 (1975).

Finding the defendant's other contentions without merit, his petition for rehearing is hereby denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) his petition for rehearing en banc is denied.