**UNITED STATES**

**v.**

**Alfredo L. CARITATIVO, Chief Warrant Officer (W–2), U.S. Coast Guard.**

**CGCM 0019.**

**Miscellaneous Docket No. 002–69–89.**

U.S. Coast Guard Court of
Military Review.

Oct. 30, 1991.

Trial Counsel: LCDR Ronald R. Weston, USCG.

Individual Military Counsel: LT Ok-hoo Hanes, USCGR.

Associate Defense Counsel: LT Reginald M. Sealey, USCGR.

Appellate Defense Counsel: LCDR James Collin, USCG (On Brief).

Appellant Defense Counsel: LCDR G Arthur Robbins, USCG (Orally Argued).

Appellate Government Counsel: CDR Richard T. Buckingham, USCG.

Before Panel Two, BAUM, GRACE and BASTEK, Appellate Military Judges.

BAUM, Chief Judge:

In 1988, Appellant was tried by a general court-martial consisting of officer members. After pleading not guilty to all charges and specifications, he was convicted of one specification of wrongful appropriation of $2,598.00, property of the government, in violation of Article 121, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 921 and four specifications involving signing false official records and making false official statements in violation of Article 107, UCMJ, 10 U.S.C. § 907. Of the specifications under Article 107, one involved signing a Cashier Accountability Report (CG Form 5394) in the overstated amount of $2,598.00, with intent to deceive; another specification involved signing the same kind of form in the overstated amount of $6,870.00; a third offense was for making an official statement with intent to deceive by submitting a Department

of Treasury Deposit Ticket (Standard Form 215) which was false; and the fourth specification was for signing, with intent to deceive, an official statement to investigators which was false and known to be false.

After finding appellant guilty, the court sentenced him to confinement for three months, loss of 100 numbers precedence, forfeiture of all pay and allowances for twelve months and a fine of $8,000.00. The Convening Authority, on advice of his Staff Judge Advocate, disapproved the finding of guilty of the false official statement to investigators. Upon reassessment, he reduced the forfeitures to $1,396.00 per month for six months and approved the remainder of the sentence. Thereafter, on May 11, 1989, the record of trial was referred to this Court for review pursuant to Article 69, UCMJ, 10 U.S.C. § 869, with specific direction to consider as an issue whether other specifications should have been disapproved for the same reason that prompted the Convening Authority to disapprove one specification. That issue has been raised by appellant in his first assignment of error. Six other assignments are also before the Court. Initially, briefs were submitted which led to a *Dubay*[1] evidentiary hearing. After that hearing, which was conducted by the Chief of the Coast Guard's Trial Judiciary, supplementary briefs were filed with this Court and oral argument was heard October 8, 1991. The Court is now ready for decision.

Appellant's seven assignments of error are as follows:

### I

THE ADMISSION OF APPELLANT'S STATEMENT TO INVESTIGATORS IN VIOLATION OF THE PRECEPTS OF THE UNITED STATES SUPREME COURT WAS HARMFUL ERROR NOT CURED BY THE CONVENING AUTHORITY ACTION

### II

THE MILITARY JUDGE REFUSED TO ALLOW SPECIFIC INSTANCES OF CONDUCT AS TO THE HONESTY OF APPELLANT ERRONEOUSLY DETERMINING THAT THIS EVIDENCE DID NOT GO TO AN ESSENTIAL ELEMENT OF THE CRIMES CHARGED

### III

THE FINE OF $8,000.00 IMPOSED BY THE COURT AND APPROVED BY THE CONVENING AUTHORITY WAS IMPROPER

### IV

THE SENTENCE IN THE CASE AT BAR WAS DISPROPORTIONATE

### V

THE UNREVEALED PREPARATION OF APPELLANT'S COUNSEL'S OFFICER EVALUATION REPORTS BY THE STAFF JUDGE ADVOCATE RESULTED IN A CONFLICT OF INTEREST THAT MANDATES SETTING ASIDE THE FINDINGS OF GUILTY AND SENTENCE IN THE CASE AT BAR

### VI

UNLAWFUL COMMAND INFLUENCE MANDATES SETTING ASIDE THE FINDINGS AND SENTENCE

### VII

STAFF JUDGE ADVOCATE CONFLICT OF INTEREST MANDATES SETTING ASIDE THE FINDINGS AND SENTENCE

*Assignment of Error I*

█ In his first assignment, appellant contends that the error found by the Staff Judge Advocate and concurred in by the Convening Authority was not cured by disapproval of only one specification. In appellant's view, that error was directly harmful to his case at trial, affecting all convictions and sentence alike. As a result, appellant calls for reversal of the other findings of guilty and the sentence.

**1.** *U.S. v. Dubay,* 17 USCMA 147, 37 CMR 411 (1967).

The error in question relates to a statement made by appellant to investigators from the Department of Transportation's Inspector General's Office. Those investigators warned appellant of his rights in accordance with Article 31, UCMJ, 10 U.S.C. § 831 and *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d. 694 (1966), but failed to ensure that a request for counsel asserted at an earlier interrogation had been satisfied before calling appellant back for another interview on different, but clearly related, offenses. The first interrogation was properly terminated upon appellant's asking to consult with a lawyer, but the Coast Guard chose not to provide a counsel. Since appellant did not initiate the second questioning, the Staff Judge Advocate correctly advised the Convening Authority that, "[s]ubsequent to the court-martial the U.S. Supreme Court held that it was inappropriate for investigators to question a suspect once the suspect had expressed a desire to deal through counsel even if the suspect waived his right to counsel at a second interrogation into an unrelated offense." Relying on the Supreme Court's opinion in *Arizona v. Roberson*, 486 U.S. 675, 108 S.Ct. 2093, 100 L.Ed.2d 704 (1988), the Staff Judge Advocate concluded that the statement given by appellant to the Inspector General's investigators was inadmissible and the specification based upon it could not stand. He, therefore, recommended disapproval of that finding of guilty and reassessment of the sentence, which the Convening Authority accomplished in his action on the record.

Appellant says now that the disapproval of one specification and reduction of the forfeitures was inadequate to cure the error because the other findings and the remainder of the sentence were also tainted. In response, the Government acknowledges that *Arizona v. Roberson, supra*, and *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d. 378 (1981) both apply to the two separate questionings of appellant, if those interviews constituted custodial interrogation. The Government posits that it is at least debatable whether those interviews were custodial interrogations in terms of triggering the application *Arizona v. Roberson* and *Edwards v. Arizona*, but assumes, for purposes of argument, that they were custodial in nature.

Notwithstanding any violation of *Arizona v. Roberson, supra*, by the questioning of appellant, the Government submits that appellant's exculpatory statement was admissible at trial because it formed the basis of the charged offense of false official statement. The Government equates appellant's choosing to make a false statement to investigators with a line of cases pertaining to perjury. *U.S. v. Mandujano*, 425 U.S. 564, 96 S.Ct. 1768, 48 L.Ed.2d. 212 (1976); *U.S. v. Wong*, 431 U.S. 174, 97 S.Ct. 1823, 52 L.Ed.2d. 231 (1977) and *Glickstein v. United States*, 222 U.S. 139, 32 S.Ct. 71, 56 L.Ed. 128 (1911). Drawing from these opinions, the Government says that, while a person may have a Constitutional right to remain silent, if that individual chooses to speak and does so falsely he or she may be prosecuted for lying—that the Fifth Amendment does not grant "a license to commit perjury". *Glickstein v. U.S., supra*, 222 U.S. at 142, 32 S.Ct. at 73, 56 L.Ed. at 128. Furthermore, according to the Government, failure to properly warn a witness of rights will not insulate that witness from prosecution for testifying falsely.

The Government submits that the rationale of those cases requires our finding appellant's statement to investigators to have been admissible to prove the offense of false official statement, despite the investigators calling appellant in for an interview without providing counsel in contravention of *Arizona v. Roberson, supra*. While appellant's statement, upon objection, might have been excludable if offered to prove other charged offenses, it was admissible, according to the Government, on the very charge that he gave it falsely. For this reason, the Government says the Staff Judge Advocate's advice and recommendation were erroneous, resulting in a windfall for appellant.

The cited U.S. Supreme Court decisions pertaining to perjury convince us that the Government's failure to follow the requirements of *Arizona v. Roberson, supra*, will

not prevent use of appellant's statement in his prosecution for making it as a false official statement. As the Supreme Court has said: "Our legal system provides methods for challenging the Government's right to ask questions—lying is not one of them." *Bryson v. United States*, 396 U.S. 64, 71, 90 S.Ct. 355, 360, 24 L.Ed.2d. 264 (1969). Since we have concluded that appellant's statement was admissible and that neither the disapproval of the false official statement offense nor reassessment of the sentence by the Convening Authority was necessary, there is no basis for further modifying action, as urged by appellant. Accordingly, his first assignment of error is rejected.

### Assignment of Error II

■ In his second assignment, appellant asserts that prejudicial error was committed by the military judge when he refused to allow evidence of specific instances of appellant's conduct as to honesty. In support of his assertion, appellant submits that Military Rule of Evidence (M.R.E.) 405(b) allows such evidence when that trait of character is an essential element of an offense. He argues that the evidence was admissible with respect to three of the Article 107, UCMJ offenses because they all contained as an essential element the character trait of deception. He says that trait is inherent in the element of "intent to deceive" and, accordingly, specific instances of appellant's conduct that would demonstrate his lack of deception were clearly admissible under M.R.E. 405(b).

The Government, in response, says the following:

An accused usually is not allowed to offer, through his character witnesses, specific instances of his prior good conduct. Such evidence is too distracting and time consuming. Thus specific instances of conduct can only be introduced through cross-examination, unless "character or trait of character of a person is an essential element of an offense or defense." *United States v. Vandelinder*, 20 M.J. 41, 46 (CMA 1985). As the Analysis to M.R.E. 405(b) suggests,

this provision will have rare application in the military. Some of the possible applications, more common in civilian jurisdictions, are: where a prior crime is an element of a later offense (such as in a trial for being a habitual criminal), or where a statute specifies the chastity of the victim as an element of the crime of seduction. *United States v. Giles*, 13 M.J. 669 (AFCMR 1982). M.R.E. 405(b) was taken from the federal rule without significant change. *See,* Analysis of 405(b). The virtual dearth of cases which deal with 405(b), in either the military or federal reporters, confirms it is rarely used in either jurisdiction.

Appellant's argument that honesty was an "essential element" of his defense, within the meaning of M.R.E. 405(b), borders on the absurd. Such a conclusion would inevitably lead to the type of "digression from the essential issues of a case and endless conflicts of evidence concerning events only remotely relevant" that the rules governing character evidence were meant to avoid. *See, Giles*, at 671. After all, most all accuseds could argue that "honesty" is somehow an element of their defense. Appellate Government Brief at Pages 8 and 9.

We agree with the Government's analysis of this issue and for that reason Assignment of Error II is rejected.

### Assignments of Error III and IV

■ Assignments of Error III and IV, both of which relate to the sentence, are summarily rejected. Appellant does not contend that the fine in this case was unlawful, simply that it was improper. We find that the $8,000.00 fine imposed was neither unlawful nor improper. Moreover, the sentence in its entirety was, in our view, not disproportionate when weighed against the offenses and this particular accused. It was an appropriate sentence in all respects.

### Assignments of Error V, VI, and VII

In the last three assignments, appellant argues issues of conflict of interest and

unlawful command influence raised for the first time after trial by the Individual Military Counsel and the Detailed Defense Counsel. Because of affidavits containing these assertions from the two counsel that were filed with the Court, an evidentiary hearing of the type utilized in *U.S. v. Dubay, supra,* was ordered, as requested by appellant. Both of the trial defense counsel testified at that hearing in support of their allegations, and the military judge made specific findings of fact after considering all the evidence. We are impressed by the care with which this hearing was conducted. It was extremely thorough, yet narrowly focused on only those matters relevant to the issues for which it was ordered. The detailed findings are well supported by the evidence and we adopt them as our own. This hearing and the resultant findings fully demonstrate the total lack of merit to the allegations by the trial defense counsel and amply support our rejection of the claims of unlawful command influence and conflict of interest in Assignments V, VI, and VII.

As noted earlier, this case was referred to the Court under Article 69, UCMJ. As amended in 1989, that Article now provides in subparagraph (e) that, "the Court may take action only with respect to matters of law." Article 69(e), UCMJ. Prior to that amendment, review of a case referred under Article 69, was in accord with the broad authority of Article 66, UCMJ, 10 U.S.C. § 866. This record of trial was referred to the Court before the effective date of the new Article 69 provision. Accordingly, our review has not been limited to matters of law. We have followed the requirements of Article 66, UCMJ and have concluded that the findings and sentence are correct in law and fact. Moreover, we have determined on the basis of the entire record that the findings and sentence should be approved. Accordingly, the findings and sentence, as approved below, are affirmed.

Judges GRACE and BASTEK concur.