The STATE of Texas, State,

v.

Terry MAITLAND, Appellee.

No. 2–98–509–CR.

Court of Appeals of Texas,
Fort Worth.

May 27, 1999.

---

John Vance, Criminal District Attorney, Clark Birdsall, Assistant District, Dallas, Matthew Paul, State Prosecuting Attorney, Austin, for Appellant.

Griffin W. Collie, Dallas, for Appellee.

Panel A: CAYCE, C.J.; LIVINGSTON and BRIGHAM, JJ.

## OPINION

JOHN CAYCE, Chief Justice.

In this appeal, we are asked to decide whether in a prosecution for the offense of making a false entry in a governmental record under section 37.10(a)(1),[1] the Fifth Amendment privilege against self-incrimination bars admission of the statement that forms the basis of the charged offense. We hold that it does not.

Appellee Terry Maitland worked as a deputy constable in Dallas County. In March 1996, appellee was involved in a car accident while on duty. Appellee's supervisor ordered him to fill out a mandatory accident report form.[2] Appellee filled out the form, certified that all statements in it

were true, and returned it to his supervisor.

In July 1996, appellee was indicted for tampering with a governmental record by making a false entry in the accident report form with the intent to defraud or harm another. *See* TEX. PENAL CODE ANN. § 37.10(a)(1). Appellee filed a motion to suppress his statements in the accident report form on Fifth Amendment grounds alleging that he was forced to give the statement under threat of reprimand or removal from his employment as deputy constable. The court initially denied the motion, but later granted it on appellee's motion to reconsider. The State appeals this ruling. *See* TEX.CODE CRIM. PROC. ANN. art. 44.01(a)(5) (Vernon Supp.1999).

■ In reviewing a trial court's ruling on a motion to suppress evidence, we must view the evidence in the light most favorable to the trial court's ruling. *See State v. Hamlin,* 871 S.W.2d 790, 792 (Tex. App.—Houston [14 th Dist.] 1994, pet. ref'd); *see also Upton v. State,* 853 S.W.2d 548, 553 (Tex.Crim.App.1993). Where, as here, the record contains the ruling but no findings of fact or conclusions of law, we must presume that the trial court found whatever facts were needed to support its ruling. *See Carroll v. State,* 911 S.W.2d 210, 222 (Tex.App.—Austin 1995, no pet.). We will not reverse the trial court's ruling unless the trial court abused its discretion. *See Allridge v. State,* 850 S.W.2d 471, 492 (Tex.Crim.App.1991), *cert. denied,* 510 U.S. 831, 114 S.Ct. 101, 126 L.Ed.2d 68 (1993).

Relying primarily on *Garrity v. New Jersey,* 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562 (1967), appellee argues that, as a public employee, his compelled statements in the accident report form cannot

---

1. TEX. PENAL CODE ANN. § 37.10(a)(1) (Vernon 1994).

2. As a Dallas County employee, he was subject to the code of conduct for the precinct in which he was serving. That code provides that "all deputies and members shall cooperate fully with competent authority conducting any departmental investigations and shall an-

swer all questions truthfully and submit documents and statements as required." The code further provides, "failure to promptly submit reports which are required by the performance of duty or by competent authority" would be a "dereliction of duty" subject to appropriate punishment.

be used against him in the prosecution for making a false statement in a government form. We disagree.

In *Garrity*, the Attorney General of New Jersey began investigating police corruption and traffic tickets. Several policemen questioned during this investigation were told that any statements they gave might be used against them later and that they could claim their privilege under the Fifth Amendment. However, if they exercised the privilege, they would be subject to removal from office. Thus, the policemen were given a choice between self-incrimination or job forfeiture. *Garrity*, 385 U.S. at 494–96, 87 S.Ct. at 617–18. The United States Supreme Court held that the State cannot use the threat of discharge "to secure incriminatory evidence" against an employee and then use such a statement against them in subsequent criminal proceedings. *Id.* at 499–500, 87 S.Ct. at 620.

In the present case, the purpose of the accident report form was not to secure incriminating evidence to be used against appellee; its purpose was merely to determine the facts of the accident and the extent of appellee's injuries. To hold the statement inadmissible, as appellee would have us do, would grant public employees a license to commit perjury with impunity. This would be an "affront to the basic concepts of judicial proceedings." *Butterfield v. State*, 992 S.W.2d 448, 449–50 (Tex. Crim.App.1999). Certainly, the Court in *Garrity* did not intend such a result. Nor is it a result that can be justified under the Fifth Amendment; the Fifth Amendment does not shield the admission of false statements in prosecutions based on the statements, such as in prosecutions for perjury. *See id.*, at 449–50; *see also Brogan v. United States*, 522 U.S. 398, ——, 118 S.Ct. 805, 810, 139 L.Ed.2d 830 (1998) (holding Fifth Amendment does not confer privilege to lie); *United States v. Wong*, 431 U.S. 174, 178–79, 97 S.Ct. 1823, 1825–26, 52 L.Ed.2d 231 (1977) (same); *United States v. Mandujano*, 425 U.S. 564, 576–

78, 96 S.Ct. 1768, 1776–77, 48 L.Ed.2d 212 (1976) (plurality opinion stating sanctions for false statements or perjury allowable even where perjurer complained that government exceeded its constitutional powers in making the inquiry); *United States v. Knox*, 396 U.S. 77, 82, 90 S.Ct. 363, 366–67, 24 L.Ed.2d 275 (1969) (holding when Knox responded to "pressure" and filed misleading tax form, it was not testimonial compulsion that invoked Fifth Amendment privilege); *Bryson v. United States*, 396 U.S. 64, 72, 90 S.Ct. 355, 360, 24 L.Ed.2d 264 (1969) (holding citizen does not have privilege to falsely answer a question that the government should not have asked); *Glickstein v. United States*, 222 U.S. 139, 143, 32 S.Ct. 71, 73, 56 L.Ed. 128 (1911) (holding federal statute dictating that bankrupt's statements could not be admitted against him in a criminal proceeding did not apply to perjury prosecution).

Accordingly, we hold that the trial court abused its discretion in excluding evidence of appellee's statement that was given in the course of a noncriminal investigation. We sustain the State's point, reverse the trial court's judgment, and remand for proceedings consistent with this opinion.