Fred J. Munder, J.
The defendant was indicted by the Additional October 1963 Grand Jury of the County of Suffolk for perjury in the first degree. The indictment contains two counts. Both allege that the defendant testified falsely as to material facts before the Grand Jury during an inquiry or investigation by the Attorney-General at the request of the Superintendent of Public Works, pursuant to subdivision 3 of section 63 of the Executive Law, into whether the crimes of grand larceny, bribery or presenting fraudulent claims had been committed in connection with a public works project in Suffolk County, specifically the construction of a segment of the Long Island Expressway.
In the first count it is alleged that the false testimony consisted in his denial that he had received or participated in the receipt of topsoil at his home and that of his brother in Broolcville, New York, which topsoil had been delivered in trucks of Zara Contracting Co., Inc., and Zara Asphalt Co., Inc., during *157 a period of time when Zara Contracting Co., Inc., was constructing said segment of the Long Island Expressway and when large quantities of topsoil belonging to the State of New York had been wrongfully removed from stockpiles on that construction site.
The second count alleges that he testified falsely when he denied that at said homesites he had received asphalt delivered from the Zara Asphalt Co., Inc., plant during a period of time that Zara Contracting Co., Inc., was constructing a segment of the Long Island Expressway, using asphalt supplied by Zara Asphalt Co., Inc.
The defendant now moves to dismiss the indictment on the ground that it is invalid in that illegal evidence was received by the Grand Jury and in that his constitutional rights were invaded because he was compelled to testify against himself when he was a target of its investigation.
The Assistant Attorney-General asserts that Tomasello was called before the Grand Jury not as a possible defendant but solely as a witness. He says that there was no evidence before the Grand Jury from which it might suspect the defendant of wrongdoing; that “ (s)ubsequent to defendant’s indictment the target of this investigation was indicted and although Tomasello was named in that indictment he was not accused as a defendant therein ’ ’.
The “ target ” indictment referred to by the Assistant Attorney-General was found against Graziano Zara, Samuel Zara, Zara Contracting Co., Inc., and Zara Asphalt Co., Inc. In two counts these defendants were charged with grand larceny in the first degree and conspiracy. In the first count it is alleged that “the defendants aided and abetted by George Suits, Alfred Tomasello, John Lionetti, and divers other persons to the Grand Jurors unknown, as part of a common scheme and plan ” stole topsoil. In the second count it is alleged that “ the above-named defendants did conspire, combine, confederate and agree with each other and with George Suits, Alfred Tomasello, Julian Cascardi and John Lionetti, hereinafter referred to as conspirators and with divers other persons whose name are to the Grand Jurors unknown, to commit crimes, to wit ” larceny by stealing topsoil from the Long Island Expressway using trucks of Zara Contracting Co., Inc., and Zara Asphalt Co., Inc.
In the light of the allegations of the Zara indictment the prosecutor’s contention that Tomasello was called before the Grand Jury as a witness only and not as a possible defendant cannot be accepted. A person who aids and abets in the commission of a crime is a principal and a party to the crime (Penal Law, §§ 2, *158 26). He is equally guilty with the one he aids and abets and can be indicted, tried and convicted of the crime. (People ex rel. Guido v. Calkins, 9 N Y 2d 77; People v. Kief, 126 N. Y. 661.) Thus if Tomasello aided and abetted the commission of the crime of larceny by the defendants named in the indictment he was a participant in the crime and, regardless of the subjective state of the prosecutor’s mind, he was a possible defendant and a prime target of the investigation.
This is emphasized by the second count of the Zara indictment wherein Tomasello is denominated a conspirator and is alleged to have conspired with the named defendants to commit larceny. Each person who conspires to commit a crime is guilty of a misdemeanor. (Penal Law, § 580.)
From the Grand Jury testimony of the defendant, which is before the court on this motion, it appears that the defendant at no time claimed immunity or his constitutional privilege against self incrimination (N. Y. Const., art. I, § 6). He neither waived immunity nor was he warned of his rights. The Attorney-General contends that Tomasello was a private customer of Zara Contracting Co., Inc., and not a prospective defendant nor a suspect or target of the investigation. The test of immunity, however, is “ whether the scope of the inquiry, fairly considered in the light of all the circumstances, might involve the witness by reason of his testimony ”. (People v. Yonkers Contr. Co., 24 A D 2d 641, 642.)
In People v. Laino (10 N Y 2d 161, 170) Judge Foster said: “In People v. De Feo (284 App. Div. 622, 627, supra) it was said: ‘ Whether De Feo was a prospective defendant is not to be determined by a subjective examination of the mind of the prosecutor. The scope of the inquiry made Be Feo a possible defendant. * * * In this instance, the record is clear, De Feo was on the target even if perchance he was not to be the bull’s eye ’ (emphasis supplied). The analysis of the Appellate Division regarding De Feo’s status was adopted by this court.”
It can hardly be gainsaid that one who is named by the Grand Jury as one who aided and abetted the commission of crimes end conspired to commit crimes that were under investigation by that Grand Jury was a target of the investigation. If a possible defendant or target of an investigation is subpoenaed before a Grand Jury and there testifies, whether or not he claims or asserts his privilege against self incrimination, his constitutional privilege is deemed violated. ‘ ‘ An automatic result of the violation of this constitutional privilege is that the defendant is protected not only from indictment based on any incriminating testimony which he may have given, but also from use of such *159 evidence”. (People v. Steuding, 6 N Y 2d 214, 217, Fuld, J.).
The instant perjury indictment is based upon the testimony of the defendant before the Grand Jury. It having been given under subpoena by a possible defendant, it was testimony under compulsion in violation of the defendant’s constitutional privilege. That testimony may not be used against the defendant for any purpose. Such immunity is complete and includes immunity against a charge of perjury for falsely testifying before the Grand Jury. (People v. De Feo, 308 N. Y. 595; People v. Gillette, 126 App. Div. 665.) The exception as to perjury and contempt contained in section 2447 of the Penal Law has no application here.
The motion to dismiss the indictment must perforce be granted.
The other grounds for dismissal urged by the defendant, while unnecessary to this decision, are untenable. That the Attorney-General, upon the request of a designated State officer under subdivision 3 of section 63 of the Executive Law was authorized to appear before this Grand Jury has been decided by this court in People v. Zara (44 Misc 2d 698) and in a similar case by the Appellate Division in People v. Yonkers Contr. Co. (24 A D 2d 641, supra). - I think that a Grand Jury duly organized for such an inquiry may indict for perjury a witness, other than a possible defendant, who has falsely testified before it in relation to a matter material to the inquiry. That the Grand Jury stenographers took and subscribed the oaths required by section 952-x of the Code of Criminal Procedure is established by the certificate of the County Clerk annexed to the copy of the order of Mr. Justice Tasker of this court directing the filing of such oaths.