■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. ALFRED TOMASELLO, Respondent.— Order of the Supreme Court, Suffolk County, dated November 5, 1965, which dismissed an indictment charging the defendant with two counts of perjury in the first degree and directed that he be discharged and his bail be exonerated (see 48 Misc 2d 156) affirmed. No opinion. Christ, Acting P. J., Brennan, Hill, Hopkins and Benjamin, JJ., concur; with a separate memorandum by Hopkins, J., in which Benjamin, J., concurs: I concur only because I consider that I am bound by the statements by the Court of Appeals in effect adopting the reasoning of Mr. Justice McLAUGHLIN in *People* v. *Gillette* (126 App. Div. 665) which held that a prospective defendant required to testify before a Grand Jury by subpœna may not be convicted for perjury committed in his testimony since the oath could not be legally administered to him (see *People* v. *De Feo,* 308 N. Y. 595, 598, 603; *People* v. *Laino,* 10 N Y 2d 161, 171). Though the statements may not have been strictly necessary for the decisions, the force with which they were declared and their importance in the internal logic of the opinions lead me to reluctant concurrence (cf. *Matter of Fay,* 291 N. Y. 198, 215; *Gimbel Bros.* v. *White,* 256 App. Div. 439, 442). It is clear from an analysis of *Gillette* that the reasoning of Mr. Justice McLAUGHLIN was in fact a minority view. *Gillette* had indeed three grounds for reversal of the conviction. First, Mr. Justice McLAUGHLIN urged that perjury could not be committed where the oath could not be legally administered to one compelled to testify; secondly, he found that the indictment was defective; and thirdly, he held that the evidence was insufficient to convict. However, the majority of the court agreed with him on the second and third grounds only (cf. *People* v. *Reiss,* 255 App. Div. 509, affd. 280 N. Y. 539). Hence, *Gillette* standing alone, is not authority for the proposition that perjury cannot be committed before a Grand Jury by a witness under compulsion. If I were free to exercise a choice, I would prefer the Federal rule which limits the constitutional immunity to the past and recognizes no license to commit perjury (*Glickstein* v. *United States,* 222 U. S. 139, 141; *United States* v. *Winter,* 348 F. 2d 204, 208; *United States* v. *Parker,* 244 F. 2d 943, 947, cert. den. 355 U. S. 836; *Kronick* v. *United States,* 343 F. 2d 436, 441). Not only is the Federal rule sustained by the inherent sense of immunity as relating to an act already done, but it is also supported by strong reasons of public policy (1) that a witness ought to be deterred from telling untruths and (2) that the investigation of criminal activity should not be impeded by the deliberate concealment or the deceit of one who is immunized from prosecution. Thus, the Federal rule has the virtue of enforcing the individual immunity arising out of the constitutional protection, while at the

same time observing the fair demand of society that the truth at least is the prerogative of the Grand Jury. For the reasons stated, however, I concur.