Chief Judge Fuld.
The present appeal raises a question of considerable importance in the field of criminal law: Is a pros *146 pective defendant or a target of an investigation who is called before a grand jury immune from indictment and prosecution for perjury if his testimony is found to be willfully false ?
In 1962, the Attorney-General, upon the request of the Superintendent of Public Works, undertook a State-wide investigation into crimes and irregularities committed on public works projects let by the Department of Public Works. Some time later, upon application of the Attorney-General, a grand jury (denominated the Additional October 1963 Grand Jury) was impaneled in Suffolk County to ascertain whether any person or corporation employed on such public works projects in that county had stolen or misappropriated property belonging to the State. Zara Contracting Company was engaged in constructing a segment of the Long Island Expressway in Suffolk County in the early 1960s, and the grand jury turned its attention to reports that that concern and its officers, Graziano and Samuel Zara, had removed from the construction site topsoil and asphalt — paid for by the State and intended for the Expressway-—-and used such materials on private jobs of their own.
After hearing evidence that trucks of the Zara Company had delivered some building material to sites on which Alfred Tomasello was erecting private homes for himself and his brother in Brookville, the grand jury subpoenaed him to appear and give testimony. Interrogated at some length concerning his dealings with the Zaras, Tomasello denied that he had ever received topsoil or other building material from them.
Apparently based on evidence thereafter given by other witnesses, the grand jury, in January, 1964, indicted Tomasello for perjury in the first degree, the indictment charging that his testimony that “ he had never received * * * any topsoil transported in [Zara] trucks * * * was wilfully and knowingly false”[1]. In March, two months after the filing of this indictment, the grand jury indicted the Zaras for crimes *147 of grand larceny and conspiracy stemming from the theft of topsoil from the State, and Tomasello, though not indicted, was named as having “ aided and abetted ” in the commission of those crimes and as having ‘ ‘ conspired ” to commit them.
The defendant moved to dismiss the perjury indictment against him as “ invalid ” on several grounds — first, “ in that [his] constitutional rights were invaded in that he was compelled to testify before the Grand Jury against himself and was a target of its investigation ’ ’; second, in that unauthorized persons, to wit, assistant attorneys general, were present before the grand jury while the charge was under consideration; and, third, in that the indictment was based upon insufficient evidence.
Justice Munder who heard the application at a Criminal Term of the Supreme Court granted the motion on the first ground asserted and dismissed the indictment. More specifically, he decided that Tomasello was ‘‘ a possible defendant and a prime target of the investigation ”; that calling him before the grand jury violated his constitutional privilege against self incrimination; and that such violation prevented the People from using such testimony “for any purpose ”, including prosecution for perjury. (48 Misc 2d 156, 158-159.) The Appellate Division unanimously affirmed the dismissal of the indictment, although two of the justices concurred solely on the ground that they felt ‘‘ bound by the statements of the Court of Appeals in effect adopting the reasoning of Mr. Justice McLaughlin in People v. Gillette (126 App. Div. 665) ” (27 A D 2d 562.)
There should be a reversal and reinstatement of the indictment. Although a majority of the court agrees with the determination below that Tomasello was a “possible defendant”, we have, nevertheless, concluded that he may be prosecuted for perjury if his testimony was willfully and knowingly false. It is frequently difficult, if not impossible, to ascertain whether one called before a grand jury is, on the one hand, such a defendant or “target” of the investigation or, on the other, a mere “witness”. (Cf. United States v. Parker, 244 F. 2d 943, 946 et seq., cert. den. 355 U. S. 836.) For this reason, as well as others later adverted to, we believe that elimination of any distinction, so far as perjury prosecutions are concerned, better comports with reason and the proper administration of the criminal law.
*148 The distinction was long ago drawn by Justice McLaughlin in People v. Gillette (126 App. Div. 665). Writing in that case, he expressed the view that, where a grand jury investigation was directed against a particular individual, it was “ a violation of his constitutional right to require him to attend before the grand jury and take an oath ’’ and, since ‘‘ the oath could not be legally administered to him”, an indictment obtained against him ‘‘ would be invalid and he could not be convicted of perjury for the testimony which he gave” (p. 668).[2] In recent years, our court has approved that rationale (see, e.g., People v. Yonkers Contr. Co., 17 N Y 2d 322, 335; People v. Laino, 10 N Y 2d 161, 172; People v. Steuding, 6 N Y 2d 214, 217; People v. De Feo, 308 N. Y. 595, 603), going so far as to state in the De Feo case (308 N. Y. 595, supra) that, “ [u]nder the rule enunciated in the Gillette case (supra) and long followed, it was deemed a violation of constitutional rights to examine a witness concerning his own acts and prosecution for perjury or contempt arising from such testimony was prohibited” (p. 603). However, that language must be read in the light of the court’s conclusion that the “ immunity ” there conferred on the defendant was not as ‘ ‘ broad ’ ’ as his constitutional privilege against self incrimination (p. 604). It is significant that the court relied not on any theory that an oath could not be legally administered to the defendant, not on any principle of an oath void ab initio, but on a realistic assessment of the position in which De Feo had been placed. What concerned the court was that the People would be able to use the testimony given by a defendant “in prosecuting [him'for] some substantive crime” (p. 604). Prompted by such considerations, the court refused to uphold the defendant’s conviction for criminal contempt of court.
The danger envisaged in De Feo was obviated by our decision in People v. Steuding (6 N Y 2d 214, supra). We there declared that, if a prospective defendant or a target of an investigation is called and examined before a grand jury, “ his constitutionally-conferred privilege against self incrimination is deemed violated ” even though he does not assert his privilege and *149 as a consequence of such violation, added the court, “ the defendant is protected not only from indictment based on any incriminating testimony which he may have given, but also from use of such evidence ” (p. 217). Since, then, the prospective defendant is automatically cloaked with an “ immunity ” as broad as the constitutional privilege, fully protecting him from prosecution for substantive crimes on the strength of his testimony, such immunity, to cull from a typical decision, should “not endow [him] with a license to commit perjury.” (Glickstein v. United States, 222 U. S. 139, 142.)
It is true that the cases declaring and holding that he may be prosecuted for perjury involve, with rare exception (see United States v. Orta, 253 F. 2d 312, 314, cert. den. 357 U. S. 905), not a situation such as the present, in which the defendant’s constitutional privilege was violated—resulting in an automatic protection against use of his testimony—but one in which the prospective defendant testified falsely after being granted statutory immunity.[3] However, the reasoning which underlies the decisions cited is equally applicable to the case before us. It would, certainly, be highly unrealistic to afford an individual an automatic protection from prosecution for substantive crimes based on his testimony and at the same time immunize him from a charge of perjury if, in giving that testimony, he knowingly and willfully lies. As the Supreme Court wrote in the Glickstein case (222 U. S. 139, 142, supra), “it cannot be conceived that there is power to compel the giving of testimony where no right exists to require that the testimony shall be given under such circumstances, and safeguards as to compel it to be truthful. * * * Of course, these propositions being true, it is also true that the immunity *150 afforded by the consitutional guarantee relates to the past and does not endow the person who testifies with a license to commit perjury.” And, in People v. Cahill (126 App. Div. 391, 395, affd. 193 N. Y. 232, supra), the Appellate Division noted that it would be a strange notion that ‘ ‘ because the defendant was under legal compulsion to testify * * * he was free to testify falsely without being amenable to the penalties of perjury * * * it must be manifest that the immunity is only given for past crimes, not for future ones.”
In other words, the protection against prosecution, whether under a statute or in consequence of a violation of the constitutional privilege, extends only to prosecution for past crimes and not to perjury committed in the very process of making the disclosure assertedly compelled. As Wigmore put it in his work on Evidence ([McNaughton rev. ed., 1961], Vol. VIII, § 2282, p.512):
“ If argument were needed, it would be sufficient merely to appeal to the terms of the privilege, which forbids that one be compelled to give evidence against himself — for the perjured utterance is not ‘ evidence ’ or ‘ testimony ’ to a crime but is the very act of crime itself; the compulsion is not to testify falsely but to testify truly; and the privilege by hypothesis would have been violated only if the witness had truly given self-incriminating evidence, but if he falsely exonerates himself, he has confessed no fact ‘ against himself, ’ hence his privilege has not been infringed by the actual answer even though it might have been by some other answer.”
Since Tomasello, as a prospective defendant or target, acquired a protection from prosecution for substantive crimes based on his “ compelled ” testimony, he may not, and should not, be permitted to escape prosecution for perjury committed in connection with the very testimony that cloaked him with such protection. Courts “ do not preserve justice ”, a Federal Court of Appeals aptly observed in a somewhat related context (United States v. Remington, 208 F. 2d 567, 570, cert. den. 347 U. S. 913), “ by allowing further criminal activity to take place.”
In short, the courts below should not have granted Tomasello’s motion to dismiss the indictment on the ground that he was *151 immune from prosecution for perjury because he was a target or a possible defendant. However, as noted above, two other grounds were urged for dismissal of the indictment, and to them we briefly turn.
As to the first of these grounds—the allegedly unauthorized presence of assistant attorneys general before the grand jury— the Appellate Division very recently held (People v. Yonkers Contr. Co., 24 A D 2d 641) that the Attorney-General and his assistants are privileged and authorized to appear before the grand jury and obtain an indictment for the offenses there involved, viz., bribery and the like, and we expressly affirmed that portion of the Appellate Division’s holding (17 N Y 2d 322, 338, supra). In the present context, the argument that perjury is to be distinguished from other offenses and that our decision in Yonkers Contracting does not authorize the Attorney-General to obtain an indictment for perjury is specious.
As to the remaining ground asserted by the defendant—that the indictment was based on insufficient evidence — it seems clear that the courts below did not address themselves to that subject, and in this court neither defense counsel nor the Attorney-General discussed it in brief or on oral argument. The defendant in his motion papers below requested that, if his challenge to the indictment on the first ground advanced by him were defeated, he be granted an opportunity to renew his application for dismissal on the ground that the evidence before the grand jury was insufficient to support the indictment. Under the circumstances, the defendant should be accorded that opportunity.
The order appealed from should be reversed and the indictment reinstated, without prejudice, however, to a motion by the defendant to inspect the grand jury minutes in their entirety and to dismiss the indictment on the ground that there was insufficient evidence to support the charge of perjury.
Judges Van Voorhis, Burke, Scileppi, Bergan, Keating and Breitel concur.
Order reversed, etc.

. The indictment -contains the recital that “ It became material to said investigation to inquire and ascertain whether the defendant had received topsoil, the same being the property of the State of New York, which had been removed from the Long Island Expressway, and whether said topsoil had been transported and delivered in [Zara trucks] * * * to the defendant at said premises in Brookville, New York.”

. This view did not represent the holding of the court. Three of the judges agreed with Justice McLaughlin for dismissal of the indictment on other grounds which he had advanced (126 App. Div., at p. 674).

. See, e.g., People v. Cahill, 126 App. Div. 391, 395, affd. 193 N. Y. 232; People v. Florentine, 276 App. Div. 730, 732; Glickstein v. United States, 222 U. S. 139, 141, supra; United States v. Winter, 348 P. 2d 204, 209, cert. den. 382 U. S. 955; Warren v. State, 153 Ark. 497, 502; State v. Turley, 153 Ind. 345, 347; State v. Nolan, 231 Minn. 522, 529; State v. Lehman, 175 Mo. 619, 628-629; State v. Cox, 87 Ohio St. 313, 347; State v. DeCola, 33 N. J. 335, 354; State ex rel. Hemmings v. Coleman, 137 Fla. 80, 95-96. In People v. Cahill (126 App. Div. 391, affd. 193 N. Y. 232, supra) and the other New. York cases, there was a statute, separate and apart from the one granting immunity, which provided that the witness was subject to a prosecution for perjury if he gave false testimony.