Jones, J.
(dissenting). I cannot agree with the breadth of the legal proposition announced by the majority. I do agree that the police were under no constraint in the conduct of their interrogation of defendant concerning the crime of bribery in consequence of his having called for his attorney, and that any statement made by him to them in execution of the crime of bribery would be admissible in any prosecution against him for the commission of that crime. That was a new and distinct criminal offense, and the circumstance that, to the knowledge of the police, defendant at the time was represented by an attorney would provide no barrier to the introduction of direct proof of commission of the new crime (cf. Vinyard v United States, 335 F2d 176, 184, cert den 379 US 930). This consequence depends, however, not on the application of any spontaneous utterance exception to rules of suppression for violation of constitutional rights, but on the basic and self-evident principle that a person is not insulated from prosecution for criminal offenses committed by him merely because he happens to have engaged an attorney.[1]
*484 I cannot agree, however, that because defendant committed a substantively unrelated and independent crime he thereby forfeited his constitutional right to counsel as to the crime of which he has been convicted in the present action. With respect to the charge for criminal possession of a controlled substance, to which he pleaded guilty following the denial of his motion to suppress the cocaine seized from the trunk of his automobile, the record discloses a now familiar situation in which, in other cases, we uniformly uphold defendant’s claims of constitutional impropriety.
It is not disputed that by his instruction to his wife to call his attorney defendant invoked his constitutional right to counsel (People v Buxton, 44 NY2d 33). That right, having attached, could not be waived other than in the presence of counsel. Accordingly, after arresting defendant the police were precluded from questioning him about the contents of his car in the absence of his attorney.[2] Inasmuch as the police failed to respect defendant’s right to have counsel present while he was being questioned, his statements regarding the location of cocaine in the trunk of his car should have been suppressed with respect to the drug charge. It should follow that the warrantless search of his automobile, based solely on the statements obtained unconstitutionally from him, was also unconstitutional and the cocaine seized therefrom should have been suppressed.
I find it offensive, and quite unjustified by any authority of which I am aware (none is cited by the People or by the majority in our court) to deprive a defendant of his constitutional rights, otherwise unhesitatingly recognized, because during the course of his prosecution he commits another, independent crime for which he unquestionably may be prosecuted; the commission of one crime should not somehow absolve the police of their constitutional obligations with respect to another crime.
Accordingly, I would reverse defendant’s conviction and grant his motion to suppress the cocaine seized from the trunk of his car.
*485 Judges Jasen, Gabrielli and Wachtler concur with Judge Meyer; Judge Jones dissents and votes to reverse in a separate opinion in which Chief Judge Cooke and Judge Fuchsberg concur.
Order affirmed.

. Roughly analogous is the doctrine that while the privilege against self incrimination precludes use of statements made before a Grand Jury with respect to the substantive crime, the constitutional privilege does not bar use of such statements to prove further criminal activity, to wit, commission thereby of the crime of perjury (People v Stoney, 36 NY2d 725; People v Tomasello, 21 NY2d 143).

. However defendant’s initial offer to bribe Patrolman O’Connor might be characterized, his answers to their questions after he had been handcuffed cannot be held to have been spontaneous.