*964 OPINION OF THE COURT
Irving Lang, J.
On November 1, 1985 it became a class E felony to fail to file State tax returns for three consecutive years. Defendant Samuel Allen, who has the distinction of being the first person indicted under this newly enacted statute, is accused of failure to file personal income tax returns for the years 1983, 1984 and 1985. Defendant claims that the prosecutor’s reference to nonfilings prior to the effective date of the statute violates the constitutional restriction against ex post facto laws.
As an additional ground for dismissal, the defendant asserts that the statute contravenes the constitutional provision against cruel and unusual punishment.
THE TAX LAW
Section 1802 (a) of the Tax Law states: "Any person who, with intent to evade payment of any tax imposed under article twenty-two or any related income or earnings tax statute, fails to file a return for three consecutive taxable years shall be guilty of a class E felony, provided that such person had an unpaid tax liability with respect to each of the three consecutive taxable years.” This legislation, enacted as part of the Omnibus Tax Equity and Enforcement Act of 1985, is designed to "increase compliance with the Tax Law and related taxing statutes, by strengthening and adding to the statutory provisions aimed at enforcing such laws” (Governor’s Program Bill mem, Program Bill No. 80). To this end, failure to file tax returns for three consecutive years with intent to avoid payment of taxes, where there has in fact been no payment for each of those years, has been classified by the Legislature as a class E felony.
The statute, however, is silent on the issue of whether the nonfilings must have occurred subsequent to the effective date of the section or whether nonfilings occurring prior to that time may be incorporated as part of the offense. Defendant contends that if the latter interpretation is applied, the crime will be considered to have accrued before the legislation was enacted thereby making the statute ex post facto and invalid.[1]
*965 THE EX POST FACTO PROHIBITION
Article I, § 9, clause 3 of the US Constitution prohibits enactment of any ex post facto law by Congress.[2] Article I, § 10, clause 1 enacts a similar limitation regarding State legislative power.[3] No specific ex post facto clause appears in the New York State Constitution. In essence, in order to contravene the ex post facto prohibition, a penal law must be "retrospecitve [in that] it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it.” (Weaver v Graham, 450 US 24, 29 [1981]; Lindsey v Washington, 301 US 397, 401 [1937].) As such the concept of ex post facto encompasses (1) every law that makes an action done before the passing of the law, which was innocent when done, criminal and punishes such action; (2) every law that aggravates a crime, or makes it greater than it was when committed; (3) every law that changes the punishment and inflicts a greater punishment than the law attendant to the crime when committed and (4) every law that alters the legal rules of evidence and receives less testimony than the law allowed for at the time of the commission of the offense. (20 NY Jur 2d, Constitutional Law, § 296, at 443; Calder v Bull, 3 Dallas [3 US] 386 [1798]; People ex rel. Lonschein v Warden, 43 Misc 2d 109, affd 15 NY2d 663.) The prohibition is founded not upon an individual’s right to less punishment, but rather upon the right to fair notice regarding which conduct will produce criminal penalties and what the prescribed penalty is at the time the crime is consummated. (Weaver v Graham, supra, at 30.) The instant motion requires examination of the interplay between these constitutional principles and application of section 1802 (a) of the Tax Law.
ANALYSIS
The legislative history of section 1802 (a) does not reveal whether the drafters intended pre-1985 filings to be deemed part of the three consecutive nonfilings which constitutes the offense.
It is useful, therefore, to draw an analogy to those cases where the ex post facto issue has been examined in the *966 context of criminal conduct which commenced prior to, but which continued beyond the effective date of a particular statute. For example, in People v Rosenberg (93 Misc 2d 965) the defendant was charged with violating sections 340 and 341 of the General Business Law (combination in restraint of trade and competition). The acts which formed the basis of the indictment were, prior to July 1975, a class A misdemeanor. On July 1, 1975 the acts were reclassified as a class E felony. Defendant argued that charging him with a felony for a continuing course of conduct from December 1, 1969 until the filing of the indictment was ex post facto, since it charged him with a felony for conduct which was only a misdemeanor when committed. The court rejected this argument. Relying on the theory that restraint of trade is a continuing crime the court reasoned that a statute increasing the penalty for such action is not ex post facto. Significantly, although the criminal conduct was commenced before the effective date of the new statute it continued subsequent to that time. Thus, the prior conduct simply becomes evidence of his culpability with respect to the new statute enhancing punishment. This concept has long been applied in the area of conspiracy. (Huff v United States, 192 F2d 911 [5th Cir 1951], cert denied 342 US 946 [1952]; United States v Markman, 193 F2d 574, cert denied sub nom. Livolsi v United States, 343 US 979 [1952]; United States v Goldberger, 197 F2d 330 [3d Cir 1952], cert denied 344 US 833 [1952]; United States v Ogull, 149 F Supp 272 [SD NY 1957]; United States v Borelli, 336 F2d 376, 386, n 5 [2d Cir 1964], cert denied sub nom. Mogavero v United States, 379 US 960.)
These principles are applicable here and highlight the flaw in defendant’s position. Although the crime of which the defendant stands accused is a discrete offense as opposed to a continuing one, it is defined in terms of three separate components which necessarily span a period of three years. While the criminal activity technically began in 1983 when nonfiling was punishable as a misdemeanor, the crime was not in fact committed within the meaning of section 1802 (a) until April 15, 1986, the date that the third filing was due. As such this is not a case where the defendant is being subjected to a greater penalty for committing a crime which was consummated before the increased penalty was enacted. To the contrary, the tax statute’s effective date precedes the date on which the crime of three sequential nonfilings was fully executed by the defendant.
A further analogy may be drawn to that legislation which *967 increases punishment for predicate felony offenders. In People v Morse (62 NY2d 205), the Court of Appeals held that predicate felony statutes did not violate the Ex Post Facto Clause. Relying on Weaver v Graham (supra), the court stated that a sentence as a multiple offender is not considered either a new jeopardy or additional penalty for the earlier crimes. Rather, it is viewed as a "stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one”. (People v Morse, supra, at 218.)
There are other statutes where the penalty is enhanced because the defendant is a recidivist of one kind or another. A person who has been previously convicted of driving while intoxicated as a misdemeanor may be exposed to felony prosecution for a second conviction (Vehicle and Traffic Law § 1192 [5]). Criminal possession of a weapon in the fourth degree, a class A misdemeanor, becomes criminal possession of a weapon in the third degree, a class D felony, if the defendant has a previous conviction of a crime. (Penal Law § 265.02 [1].) The class A misdemeanor of unauthorized use of a vehicle in the third degree becomes the class E felony of unauthorized use of a vehicle in the second degree if defendant has previously been convicted of that offense. (Penal Law § 165.06.)
The above felony provisions closely resemble that established in section 1802 (a). In my view, the Tax Law does not increase punishment for failure to file 1983 and 1984 tax returns. It simply toughens the penalty for the 1985 nonfiling, exclusively in the context of two immediate and sequential prior omissions where there is outstanding tax liability.
I find that there is no constitutional infirmity in applying section 1802 (a) to pre-1985 nonfilings. Defendant had fair notice, well before his 1985 return was due, of which conduct would produce criminal penalties and what those penalties were. Accordingly, defendant’s motion to dismiss the indictment on ex post facto grounds is denied.
CRUEL AND UNUSUAL
Defendant’s claim that the new statute violates the constitutional provision against cruel and unusual punishment has no merit. While many citizens view our tax laws as cruel, they are not cruel in the constitutional sense. In any event, they are certainly not unusual.
Defendant’s motion to dismiss the indictment is denied.

. Defendant Samuel Allen is appearing pro se. The court’s suggestion to Mr. Allen to hire his own attorney has fallen on deaf ears. However, I note that defendant is a graduate of Harvard College and has taken courses at M.I.T.

. Article I, §9, clause 3 states "No Bill of Attainder or ex post facto Law shall be passed.”

. Article I, § 10, clause 1 provides "No State shall * * * pass any bill of attainder, ex post facto law, or law impairing the obligation of contracts, or grant any title of nobility.”