■ In the Matter of RICHARD N. DU ROSE et al., Petitioners, v NATHANIEL B. MERRELL, as Judge of Oneida County Court, et al., Respondents.—Petition unanimously dismissed without costs. Memorandum: In this CPLR article 78 proceeding, petitioners Du Rose and Murphy seek to prohibit respondents from trying them for the crimes alleged in Oneida County indictments No. 91-427 and No. 91-428.

Indictment No. 91-427 alleges that petitioner Du Rose, while Commissioner of the Oneida County Department of Social Services, accepted $95,000 in bribes and gratuities from petitioner Murphy in connection with the award of contracts to train public assistance recipients to be nurses aides in nursing homes. Indictment No. 91-428 alleges that petitioner Murphy failed to file New York State income tax returns for the years 1986-1989. The petition asserts that the Special Assistant Attorney-General lacks jurisdiction to prosecute the crimes alleged in those indictments.

Executive Law § 63 (3) authorizes the Attorney-General, upon the request of the head of any State department, to investigate the commission of any indictable offense in relation to any matter connected with such department and to prosecute the person or persons believed to have committed such crimes, including appearing before and presenting the matter to a Grand Jury. That section, unlike Executive Law § 63 (2), does not require that the matter be brought in Supreme Court. It grants the Attorney-General broad investigatory and prosecutory powers and should be construed to accomplish the purpose intended (see, Matter of Mann Judd Landau v Hynes, 49 NY2d 128, 135-138).

Here, the Commissioners of the Departments of Health and Social Services, pursuant to Executive Law § 63 (3), requested the Attorney-General to investigate and prosecute any indictable offenses "in relation to any matters connected with" those departments "by the nursing homes, care centers and related entities, located in the State of New York, and principals, agents, suppliers and other persons connected or involved therewith". Indictment No. 91-427 alleged crimes arising from contracts to train public welfare recipients to be nurses aides in New York State nursing homes. Those crimes are within the ambit of the Commissioners' requests for the Attorney-General to investigate and prosecute crimes in relation to suppliers of services to nursing homes and, therefore, the Attorney-General had jurisdiction to prosecute that indictment under Executive Law § 63 (3).

Based on the request by the Commissioner of the Department of Taxation and Finance to undertake an investigation and prosecution of petitioner Murphy's possible failure to file tax returns, the Attorney-General also had jurisdiction to prosecute indictment No. 91-428 under Executive Law § 63 (3). The Attorney-General additionally is authorized to prosecute such tax crimes pursuant to Tax Law § 691 (e).

Petitioner Murphy alternatively contends that a writ of prohibition should be issued with regard to his trial under indictment No. 91-428 because Oneida County Court lacked geographic jurisdiction to prosecute that indictment. That indictment alleges the crime of failure to file New York State income tax returns (Tax Law § 1802), which is a crime of omission that can be tried in a county where the duty was either "required to be or could properly have been performed" (CPL 20.40 [3]). The filing of the return is deemed to have occurred upon its proper mailing (see, 20 NYCRR 152.4, 191.1). Because the mailing of a tax return, which constitutes its filing, can be performed in Oneida County, Oneida County Court has geographic jurisdiction to try petitioner Murphy under indictment No. 91-428 for his failure to file New York State income tax returns (see generally, Matter of Rivers, 165 AD2d 649; Matter of Lamar, 155 AD2d 123; People v Allen, 136 Misc 2d 963).

In light of our determination that the Attorney-General had authority to prosecute those indictments under the provisions of the Executive Law, we need not consider petitioners' contention that the Special Assistant Attorney-General's cross-designation as an Oneida County Assistant District Attorney

was ineffectual. (Original Proceeding Pursuant to Article 78.) Present—Green, J. P., Lawton, Boehm, Fallon and Davis, JJ.