OPINION OF THE COURT
Donald J. Mark, J.
Defendant Robert Young who stands charged with the crimes of perjury, second degree, making an apparently sworn *502 false statement, first degree, and offering a false instrument for filing, first degree, has moved this court for dismissal of the indictment, alleging that the Attorney-General does not have jurisdiction to prosecute these crimes. Following oral argument, this court reserved decision.
This indictment came about as follows. In April of 1978, pursuant to section 63 (3) of the Executive Law, the New York State Commissioner of Health and the New York State Department of Social Services requested the Attorney-General to investigate abuses in the Medicaid Reimbursement Program in New York State. In response to this request, a Deputy Attorney-General was appointed to investigate and prosecute any Medicaid abuses he discovered. Pursuant to the ensuing investigation, defendant Young was indicted in 1990 for the crimes of grand larceny, third degree, and 20 counts of offering a false instrument for filing, first degree. He was ultimately convicted of these crimes, or lesser included offenses thereof, and on April 2, 1992 filed a notice of appeal to the Appellate Division, Fourth Department.
In furtherance of that appeal, defendant filed a pro se motion seeking permission to prosecute his appeal as a poor person, alleging that his assets were in the amount of $45,000. The Attorney-General then sought and obtained the indictment in issue here, alleging that defendant’s assets were actually in excess of $200,000. This motion for dismissal followed, defendant arguing that the Attorney-General does not have jurisdiction to try the case, since the crimes do not have any direct impact upon the Medicaid system in New York, which is the only prosecutorial mandate given to the Deputy Attorney-General. The Attorney-General’s response is that he does have jurisdiction to try this indictment, since it was committed during the course of and relative to an appeal from a conviction concededly within the Deputy Attorney-General’s mandate, the appellate process constituting only a continuation of the prosecution of defendant’s Medicaid fraud charges.
This court agrees that the Attorney-General has jurisdiction to prosecute this offense. While there is very little case law addressing the breadth of the Attorney-General’s jurisdiction to ancillary crimes such as this, and no case law that this court has been able to find addressing whether crimes committed during an appeal fall within such jurisdiction, it is the clear intent of Executive Law § 63 to provide for broad jurisdiction to the Attorney-General. Thus, section 63 (3), the *503 statute authorizing the Attorney-General’s investigation of the Medicaid Program in this case, specifically authorizes that office to prosecute not only those offenses which directly relate to the subject matter of the requesting letters, but also "any crime or offense arising out of such investigation or prosecution or both, including but not limited to appearing before and presenting all such matters to a grand jury.”
Words of ordinary import used in a statute are to be given their usual and commonly understood meaning (McKinney’s Cons Laws of NY, Book 1, Statutes § 232). The courts will generally construe a statutory term according to its ordinary and accepted meaning (People v Eulo, 63 NY2d 341, 354). The words "arising out of’ are ordinarily understood to mean originating from, incident to or having connection with (see, Aetna Cas. & Sur. Co. v Liberty Mut. Ins. Co., 91 AD2d 317, 320). Thus, a commonsense reading of this statutory language gives jurisdiction to the Attorney-General to prosecute any crimes, regardless of subject matter, which are uncovered during the course of an otherwise proper section 63 (3) investigation, whether they relate to Medicaid fraud or not.
Furthermore, in Matter of Landau v Hynes (49 NY2d 128), the Court of Appeals in interpreting the extent of the Attorney-General’s powers under section 63 (3) held first that that statute should not be strictly construed, but should be read to accomplish the purpose intended by the provision; and second, that the traditional case law interpretation of section 63 (3) is to bestow upon the Attorney-General the broadest of powers, reactivating that office’s latent common-law powers of prosecution which it exercised over all crimes before the creation of the County District Attorney’s Office (see also, Matter of Du Rose v Merrell, 186 AD2d 1046; People v Zara, 44 Misc 2d 698). Reading the language of section 63 (3) broadly, as Matter of Landau requires, therefore, it would appear that any crime arising out of an otherwise proper investigation or prosecution would be subject to the Attorney-General’s jurisdiction, even if that crime did not have a direct impact upon the Medicaid Reimbursement Program as defendant argues.
A perjury committed during the course of a prosecution for Medicaid fraud does "arise out of’ the investigation and prosecution of those charges. Thus, in People v Tomasello (48 Misc 2d 156, affd 27 AD2d 562, revd on other grounds 21 NY2d 143), the defendant was charged with perjury, first degree (two counts), relating to his Grand Jury testimony concerning an investigation into whether grand larceny, brib *504 cry, and presenting fraudulent claims had been committed in relation to a public works project in Suffolk County. The Grand Jury investigation was, as in this case, brought by the Attorney-General pursuant to those powers of investigation and prosecution granted him in Executive Law § 63 (3). The primary issue before the trial court, and the issue subsequently reversed on, concerned whether the defendant had received immunity from the perjury charge by reason of his testimony, the trial court ultimately dismissing the indictment on the grounds that he had. A secondary issue raised concerned whether the defendant’s perjury charge should be dismissed on other grounds, however. As to this second issue, the trial court held that a Grand Jury organized pursuant to and authorized by section 63 (3) of the Executive Law did have the requisite authority to indict a witness who testified falsely in that proceeding for perjury. The trial court’s dismissal of the indictment on the immunity issue was thereafter reversed by the Court of Appeals on the ground that the defendant’s immunity extended only to past conduct, and not as to any perjury committed during the course of the Grand Jury investigation, and the court then reinstated the perjury charges. Consequently, while not directly discussing the parameters of section 63 (3), Tomasello in both the trial court and the Court of Appeals clearly stands for the conclusion that a perjury committed during the course of an otherwise proper section 63 (3) investigation or prosecution does fall within the Attorney-General’s jurisdiction, as well as those crimes directly relating to the subject matter of the investigation in issue.
The only remaining issue to be decided in this case, therefore, is whether a perjury committed during the course of an appeal from a jurisdictionally proper section 63 (3) conviction also falls within the ambit of the Attorney-General’s jurisdiction. This court has been unable to find any case law specifically addressing this issue. It is this court’s opinion, however, that it does. Clearly the Attorney-General was the proper party to defend this appeal; clearly the appeal related to the subject matter of the requesting letters; and clearly the perjury in question arose out of this appeal. Thus, it would seem only logical, given the case law’s recognition that the Attor *505 ney-General’s powers pursuant to section 63 (3) are to be broadly construed, that the perjury allegedly committed in this case would fall within the scope of that office’s jurisdiction.
Defendant’s motion for dismissal of this indictment is accordingly denied.