OPINION OF THE COURT
David Friedman, J.
Effective November 1, 1993, the Legislature amended Vehicle and Traffic Law § 511 (3) so as to provide that an individual is guilty of the class E felony of aggravated unlicensed operation of a motor vehicle in the first degree when he operates a motor vehicle while he has in effect 10 or more suspensions, imposed on at least 10 separate dates for failure to answer, appear, or pay a fine on a summons issued for a traffic violation (L 1993, ch 607). Defendant, apprehended while driving with the requisite number of suspensions, was indicted of this crime.
Defendant now moves to dismiss the indictment. In support of the motion he asserts that license suspensions occurring before section 511 of the Vehicle and Traffic Law became effective on November 1, 1993 may not be utilized to enhance the punishment he receives for driving with a suspended license. To the extent that section 511 permits suspensions occurring prior to November 1, 1993 to be utilized to create the necessary predicate, it is defendant’s contention that it constitutes an unconstitutional ex post facto law. Defendant maintains further that the instant prosecution impermissibly subjects him to double jeopardy as he pleaded guilty on June 22, 1994 in Criminal Court to the infraction of driving with tinted windows and such plea was to cover the instant charge.
In examining Vehicle and Traffic Law § 511 (3) it becomes apparent that it is a recidivist statute, not unlike the laws which enhance punishment for predicate felons (see, Penal Law §§ 70.04, 70.06, 70.08, 70.10). In Gryger v Burke (334 US *883 728) the United States Supreme Court considered the constitutionality of such multiple felony offender laws stating at page 732: "Nor do we think the fact that one of the convictions that entered into the calculations by which petitioner became a fourth offender occurred before the Act was passed, makes the Act invalidly retroactive or subjects the petitioner to double jeopardy. The sentence * * * is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one.”
Similarly in People v Weinberg (83 NY2d 262) the defendant was convicted under Tax Law § 1802 of the crime of repeated failure to file income tax returns for the years 1983, 1984 and 1985. Section 1802 of the Tax Law, upon which his conviction was predicated, became effective on November 1, 1985 and was applicable to all offenses committed on or after that date. Defendant claimed that the law constituted an ex post facto law. In rejecting this argument the Court pointed to the following: "Moreover, there is plainly absent here what the Supreme Court has identified as a 'critical’ element to relief under the Ex Post Facto Clause, 'the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was proscribed when the crime was consummated’. Defendant, having failed to file returns for the two consecutive years of 1983 and 1984, was given fair warning by the enactment of section 1802 that his failure to file a return for 1985 would result in criminal liability for repeated failure to file under that section. We therefore conclude that defendant’s prosecution under Tax Law § 1802 does not violate the ex post facto prohibition”. (People v Weinberg, supra, at 267.)
By a parity of reasoning with both Gryger (supra) and Weinberg (supra), the punishment to be imposed herein would not be punishment for earlier license suspensions but only a stiffened penalty for the present crime because it is a repetitive one (see also, People v Morse, 62 NY2d 205; People v Allen, 136 Misc 2d 963). Moreover, defendant was given fair warning by the amendment to section 511 of the Vehicle and Traffic Law that his continued operation of a motor vehicle while his license suspensions were in effect would be regarded as felonious conduct. Thus section 511 of the Vehicle and Traffic Law must be characterized a recidivist statute which meets constitutional requirements under Gryger and its progeny, such as Weinberg.
*884 The issue that remains concerns defendant’s claim that his guilty plea in Criminal Court on June 22, 1994 of driving with tinted windows for which he paid a fine of $100 was meant to cover the instant charge. The only support for this contention presented by defendant is a receipt for $100 from Criminal Court. Significantly, that receipt indicates a Criminal Court docket number of 94K027815. Examination of the file for the instant charge shows that it originated under a Criminal Court docket number of 94K027814. It is thus apparent that these are separate cases. More importantly, defendant fails to produce any documentation, i.e., plea minutes, showing that his guilty plea on 94K027815 was meant to satisfy the charges brought under 94K027814. Hence defendant’s claim that prosecution on the instant charge constitutes double jeopardy is without support in the record (cf, CPL 40.20).
Accordingly, defendant’s motion is denied.