■ In the Matter of ANGELO EMMI, Petitioner, v WILLIAM J. BURKE, as Onondaga County Court Judge, et al., Respondents. [653 NYS2d 780] —Petition unanimously dismissed without costs. Memorandum: In this original CPLR article 78 proceeding, petitioner seeks to prohibit respondents from proceeding on Onondaga County indictment No. 96-0612-1 and further seeks dismissal of that indictment. Petitioner, who was employed as a pharmacist at the State University of New York Health Science Center, was charged in that indictment with the crimes of grand larceny in the first degree (Penal Law § 155.42) and criminal diversion of prescription medications and prescriptions in the second degree (Penal Law § 178.20) for wrongfully taking and converting to his own use more than $3,000,000 in prescription medications. The indictment was returned following an investigation by members of the Attorney-General's Medicaid Fraud Control Unit and the matter was assigned to Onondaga County Court Judge William J. Burke. The petition asserts that Judge Burke is acting in excess of his jurisdiction by presiding over this criminal prosecution and that the Attorney-General and his assistants lack constitutional and

statutory authority to prosecute the crimes alleged in the indictment. We disagree.

Preliminarily, we note that this Court has subject matter jurisdiction to consider this prohibition proceeding challenging the authority of the Attorney-General. Judge Burke is a proper respondent and the proceeding is therefore within the original jurisdiction of this Court (*see, Matter of Haggerty v Himelein,* 221 AD2d 138, 143-144, *lv granted* 88 NY2d 809).

On the merits, we conclude that the Attorney-General has legal authority to prosecute the crimes alleged in the indictment. Executive Law § 63 (3) authorizes the Attorney-General, upon the request of the head of any State department, to investigate the alleged commission of any indictable offense in relation to any matter connected with such department and to prosecute the person or persons believed to have committed such offense, including appearing before and presenting the matter to a Grand Jury. That subdivision grants the Attorney-General broad investigatory and prosecutory powers and should be construed to accomplish the purpose intended (*see, Matter of Mann Judd Landau v Hynes,* 49 NY2d 128, 135-138; *Matter of Du Rose v Merrell,* 186 AD2d 1046, *lv denied* 81 NY2d 701).

Here, the Commissioner of the Department of Health, pursuant to Executive Law § 63 (3), requested the Attorney-General to investigate and prosecute any indictable offenses "in relation to any matters connected with the New York State Department of Health by hospitals subject to the provisions of Article 28 of the Public Health Law, their principals, agents, suppliers or other persons connected or involved therewith". Indictment No. 96-0612-1 alleges crimes arising from the conduct of petitioner in relation to his employment as a pharmacist at a hospital subject to the provisions of the Public Health Law. In our view, those crimes are within the ambit of the Commissioner's request for the Attorney-General to investigate and prosecute crimes in relation to hospitals and persons connected therewith, and the fact that the request was made in 1977 does not affect the authority of the Attorney-General to prosecute the indictment under Executive Law § 63 (3) (*see, Matter of Mann Judd Landau v Hynes, supra; People v Baghai-Kermani,* 199 AD2d 36, 37-38, *affd* 84 NY2d 525; *Matter of Du Rose v Merrell, supra*). (Original Proceeding Pursuant to CPLR art 78.) Present—Pine, J. P., Lawton, Callahan, Doerr and Boehm, JJ.