■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH GUSZACK, Appellant. [654 NYS2d 845] —Mercure, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered November 17, 1995, convicting defendant upon his plea of guilty of the crimes of aggravated unlicensed operation of a motor vehicle in the first degree and driving while intoxicated.

In 1984, defendant's driver's license was revoked, either as the result of his conviction of driving while intoxicated or his refusal to submit to a chemical test. Defendant never sought the issuance of a new driver's license thereafter. In 1995, defendant was convicted of aggravated unlicensed operation of a motor vehicle in the first degree in violation of Vehicle and Traffic Law § 511 (3) (a) as the result of his operation of a motor vehicle with a blood alcohol level of greater than 0.10% during the period of the 1984 license revocation. Defendant appeals, primarily contending that, as applied to him, Vehicle and Traffic Law § 511 (3) (a) constitutes an ex post facto law because it provides for enhanced punishment as the result of a preexisting condition, i.e., the revocation of his driver's license in 1984. We disagree. Because the enactment of Vehicle and Traffic Law § 511 (3) (a) provided defendant with fair warning that, upon his commission of an alcohol-related vehicular offense, he would be subjected to enhanced criminal liability as

the result of the continued revocation of his driver's license, the statutory scheme suffers no constitutional infirmity (*see, Gryger v Burke*, 334 US 728, 732; *People v Weinberg*, 83 NY2d 262; *People v Cintron*, 163 Misc 2d 881). Defendant's remaining contentions have been considered and found similarly unavailing.

Cardona, P. J., White, Casey and Carpinello, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Broome County for further proceedings pursuant to CPL 460.50 (5).