■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD TRAMMEL, Appellant. [723 NYS2d 545] —Spain, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered July 19, 1999, convicting defendant upon his plea of guilty of the crime of aggravated harassment of an employee by an inmate.

Defendant's sole claim on this appeal from his conviction of aggravated harassment of an employee by an inmate is that, as applied to him, the statute establishing the crime, Penal Law § 240.32, constitutes an unconstitutional ex post facto law. Although this claim is not among those that were waived or forfeited by defendant's guilty plea (*see, People v Rivera*, 156 AD2d 177, *lv denied* 75 NY2d 923), it is nevertheless lacking in merit.

Effective June 5, 1996, Penal Law § 240.32 created the class E felony of aggravated harassment of an employee by an inmate (*see*, L 1996, ch 92, §§ 2, 5) to address the dramatic increase in the number of reported cases of inmates in State correctional facilities throwing, tossing or expelling excrement, urine, blood or other bodily fluids at correction officers (*see*, Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law § 240.32, at 401). When the defendant is not a juvenile, an element of the crime is that, at the time of the commission of the prohibited conduct, the defendant must be an inmate as that term is defined in Penal Law § 240.32 (*see, People v Maldonado*, 273 AD2d 537, 541-542, *lv denied* 95 NY2d 867). According to defendant, the statute violates the ex post facto prohibition because he achieved the necessary inmate status prior to the effective date of the statute. Thus, he argues that Penal Law § 240.32 is unconstitutional, as applied to him, because it rendered his conduct criminal based on an event—his incarceration—which predated the statute's enactment (*see, Carmell v Texas*, 529 US 513, 522 [a law that makes criminal an action committed prior to the law's passage violates the ex post facto prohibition]).

We disagree. Defendant did not commit the crime of aggravated harassment of an employee until he engaged in the prohibited conduct in February 1998, well after Penal Law

§ 240.32 was enacted, and he clearly had fair warning that his throwing of urine at a correction officer would result in criminal liability. Defendant's preexisting condition or status as an inmate does not result in an ex post facto violation (*see, People v Guszack*, 237 AD2d 715).

Mercure, J. P., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.